ABEL WARREN *vs.* WILLIAM S. WHEELER & another.

Where no time of payment is expressed in a contract, to pay for goods sold, the legal construction of the contract is, that payment shall be made on demand ; and in an action presently brought on such contract, which is in writing, the defendant cannot give evidence of a simultaneous oral agreement that payment should be made on a particular day subsequent to the commencement of the action.

THIS was an action of assumpsit, commenced on the 11th of August 1843, to recover pay for the wood, &c. mentioned in the following contract :   "Princeton, April 27th 1843.   Memorandum of an agreement made and entered into, the said 27th of April, by and between Abel Warren of Northborough, and

William S. Wheeler and Charles Wheelock of Fitchburg. The said A. Warren agrees that the said W. S. Wheeler & Co. shall have all of the wood and timber that is fell on the east side of the hill, to the land of W. T. Merrifield & Co., for the sum of one hundred and twenty five dollars; and the said W. S. Wheeler & Co. agree that the said wood shall be cleared off of the land on or before the fifteenth of August next. Abel Warren of the first part.       Abel Warren.

"William S. Wheeler & Charles Wheelock, the second part.

William S. Wheeler.

Charles Wheelock."

The judge, before whom the trial was had in the court of common pleas, reported the case as follows : "The plaintiff proved that the defendants, soon after said contract was made, went upon the land therein mentioned, and took a part of said wood, and burnt it into coal. The defendants offered to prove, that at the time of signing the contract, it was agreed that they should have time till the middle of October then next, in which to pay for the wood and timber. But the judge rejected the evidence, and ruled that the sum agreed to be paid for the timber and wood was due and payable when the action was commenced ; and that it was not competent to introduce parol evidence to control this construction of the agreement. The jury returned a verdict for the plaintiff." The defendants alleged exceptions to the ruling of the judge.

*F. H. Dewey,* for the defendants. The agreement as to the time of payment was independent of the contract of sale, and proveable by parol evidence. 3 Stark. Ev. 1049. Greenl. on Ev. § 282. Roscoe on Ev. 8, 10. *Jefferey* v. *Walton,* 1 Stark. R. 267. *Field* v. *Biddle,* and *M'Minn* v. *Owen,* 2 Dall. 171, 173. *Bollinger* v. *Eckert,* 16 S. & R. 422. The time of payment, expressed in a written contract, may be prolonged by a parol agreement. And the legal presumption as to a fact may be repelled by oral testimony. *Davenport* v. *Mason,* 15 Mass. 90. The presumption that payment was to be made on demand, n the present case, may be so repelled.

But if the evidence which was offered was inadmissible, yet

the plaintiff had no cause of action till the 15th of August 1843, four days after his action was commenced.

*Wood,* for the plaintiff. Where no time is specified for the payment of money for goods, &c. sold, the law implies that it is to be paid on demand. And parol evidence cannot be received to alter the legal construction of a written instrument, or to affect a legal presumption arising from the construction. 3 Stark. Ev. 1002, 1009, 1012. *Hunt* v. *Adams,* 6 Mass. 523, 524. *Stackpole* v. *Arnold,* 11 Mass. 29, 30. *Atwood* v. *Cobb,* 16 Pick. 227.

The defendants became the owners of the wood as soon as the agreement was signed, or at the latest, when they took possession of it; and at the one or the other of those times, they were liable to an action for not paying for it.

WILDE, J. No rule of evidence is more uniformly observed, in the administration of justice, than that which precludes the admission of oral testimony to control, vary or explain the terms or the construction of a written contract. The rule is founded on a wise policy and a just principle, to prevent the perversion of justice by the falsehood, mistake or mis-recollection of witnesses. To this, as to all other general rules, there are exceptions: As in cases of latent ambiguities, or where words are used in contracts relating to a particular trade or business, which are not generally understood, or which may have acquired a peculiar meaning by local usage. None of these exceptions are applicable to the present case. The parol evidence offered at the trial was to prove an agreement, made by the parties at the time of signing the contract, as to the time of payment for the wood sold. This evidence, if admitted, would have materially varied the construction of the written contract, though it would not have expressly contradicted its terms. No time of payment for the wood was named in the contract. It was therefore, by a well established rule of law, payable on demand.

In *Atwood* v. *Cobb,* 16 Pick. 231, the chief justice expressed an opinion, that in an action on a contract in writing, which does not express the time when it is to be performed, it is to be performed within a reasonable time; and that a simultaneous,

express verbal agreement, that it shall be performed on a par-
ticular day, is not admissible in evidence. This opinion we
consider well founded, with the qualification that when the act
to be done is the payment of money, the payment is to be made
on demand ; this being the well settled legal construction of
such a promise. In other cases, the nature of the act to be
done, and other facts and circumstances which may be proved,
are to be taken into consideration, as bearing on the question
of reasonable time. But a simultaneous express agreement as
to such a question is not admissible in evidence.

We are therefore of opinion that the oral testimony, offered
by the defendants' counsel, was rightly rejected, and that the
instruction was correct.

*Exceptions overruled.*